THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
***A PROFESSIONAL LAW CORPORATION***
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:     (415) 444-5800
Facsimile:     (415) 674-9900
Email:        tfrankovich@disabilitieslaw.com

Attorney for Plaintiff
IRMA RAMIREZ

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ,<br><br>         Plaintiff,<br><br>v.<br><br>APENA CORP, a California Corporation dba PLAZA TEQUILA TAQUERIA; DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust,<br><br>         Defendants. | **CASE NO.**<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1ˢᵗ CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2ⁿᵈ CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3ʳᵈ CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4ᵗʰ CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br><br>**DEMAND FOR JURY** |

Plaintiff IRMA RAMIREZ, complains of defendants DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust allege as follows:

Claimant Daren Heatherly is not a named party ("Plaintiff").  His inclusion in the complaint is to put defendants on notice that he has a claim and has chosen not to file an action on his behalf at this time.

**INTRODUCTION:**

1.     This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff IRMA RAMIREZ and claimant Daren Heatherly and the disability community are members, for failure to remove architectural barriers structural in nature at defendants' PLAZA TEQUILA TAQUERIA, a place of public accommodation, thereby discriminatorily denying plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.     Plaintiff brings this action acting as a "private attorney general" privatizing enforcement of the American with Disabilities Act of 1990 ("ADA") without the American tax payer bearing the financial tax burden for such action.

3.     Plaintiff IRMA RAMIREZ and claimant Daren Heatherly each is a person with physical disabilities who, on or about August 14, 2014 and April 29, 2015 and ("**deterred thereafter**"), was an invitee, guest, patron, customer at defendants' PLAZA TEQUILA TAQUERIA, in the City of Sonoma, California.  At said times and place, defendants failed to provide proper legal access to the plaza, which is a "public accommodation" and/or a "public facility" including, but not limited to entrance, dining areas, signage, men's restroom, women's restroom.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

The denial of access was in violation of both federal and California legal requirements, and plaintiff IRMA RAMIREZ and claimant Daren Heatherly each suffered violation of their civil rights to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

4.    **Jurisdiction:**    This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; and California Building Code.

5.    **Venue:**    Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 19315 Highway 12, in the City of Sonoma, County of Sonoma, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

6.    Plaintiff IRMA RAMIREZ and claimant Daren Heatherly each  is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff IRMA RAMIREZ and claimant Daren Heatherly each is a "person with physical disabilities," as defined by all applicable California and United States laws.  Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome. Plaintiff IRMA RAMIREZ relies on a wheelchair and/or crutches to travel about in public.  Claimant Daren Heatherly is afflicted with Multiple Sclerosis and Diabetes. Claimant Daren Heatherly relies solely on a power wheelchair to travel

about in public.  Consequently, plaintiff IRMA RAMIREZ and claimant Daren Heatherly each is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

7.     **DEFINITIONS:**

a.     **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines of 1990; and 2010 ADA Standards—

b.     **2010 ADA STANDARDS** - The revised regulations for Title II and III of the Americans with Disabilities Act of 1990 in the Federal Register as of September 15, 2010;

c.     **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered.  They can include but are not limited to the following examples:  parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table. Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification. http://www.ada.gov/smbustxt.htm.
(The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

*///*

d.      **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

e.      **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the elements/facility is noncomplying or where the combination thereof creates a category. For example: such as a parking lot, entrance, restroom, lobby, guest room, dining area.

f.      **PHYSICAL FEATURES** - Are synonymous with "Elements."

g.      **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

h.      **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering.  An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s).

i.      **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

j.      **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility.  Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures.  Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

k.      **PATH OF TRAVEL -** A continuous path connecting all elements and spaces of a building or facility.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

l.      **NON COMPLYING -** Not complying with ADAAG and/or the "Readily

Achievable Standard" of 28 CFR §36.304.

**PRELIMINARY FACTUAL ALLEGATIONS:**

8.      The PLAZA TEQUILA TAQUERIA, is a restaurant, located at/near 19315

Highway 12, Sonoma, California.  The PLAZA TEQUILA TAQUERIA, its entrance, dining

areas, signage, men's restroom, women's restroom, and its other facilities are each a "place of

public accommodation or facility" subject to the barrier removal requirements of the Americans

with Disabilities Act.  On information and belief, each such facility has, since  July 1, 1970,

undergone "alterations, structural repairs and additions," each of which has subjected the PLAZA

TEQUILA TAQUERIA and each of its facilities, entrance, dining areas, signage, men's

restroom, women's restroom to disability access requirements per the Americans with

Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

9.      Defendants DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of

the Giannis Family Trust are the owners of the real property (land and building) located at or near

19315 Highway 12, in the City of Sonoma, California.

10.      Defendants APENA CORP, a California Corporation dba PLAZA TEQUILA

TAQUERIA; and  DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the

Giannis Family Trust,(hereinafter alternatively and/or collectively referred to as "defendants")

are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or

lessees, of the public accommodation known as PLAZA TEQUILA TAQUERIA, located at/near

19315 Highway 12, in the City of Sonoma, California, or of the building and/or buildings which

constitute said public accommodation.

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11. At all times relevant to this complaint, defendants APENA CORP, a California Corporation dba PLAZA TEQUILA TAQUERIA; and DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust,, own and operate in joint venture the subject PLAZA TEQUILA TAQUERIA as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

12. On or about 2005, defendants' and each of them purchased and/or put the subject property in trust and took possessory control of the premises now known as PLAZA TEQUILA TAQUERIA.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that PLAZA TEQUILA TAQUERIA was not accessible to the disabled.  Nevertheless, defendants' and each of them, operated PLAZA TEQUILA TAQUERIA as though it was accessible.

13. At all times relevant to this complaint, defendants APENA CORP, a California Corporation dba PLAZA TEQUILA TAQUERIA; and DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust,  are jointly and severally responsible to identify and remove architectural barriers at the subject PLAZA TEQUILA TAQUERIA pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

> **§ 36.201     General**
>
> (b)  *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
> 28 CFR §36.201(b)

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14.    At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

15.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the PLAZA TEQUILA TAQUERIA as being handicapped accessible and handicapped usable.

16.    On or about August 14, 2014 and April 29, 2015, plaintiff IRMA RAMIREZ and claimant Daren Heatherly (on August 14, 2014 only), was an invitee and guest at the subject PLAZA TEQUILA TAQUERIA, for purposes of having food and beverage.   Plaintiff IRMA RAMIREZ and claimant Daren Heatherly are husband and wife.

17.    After sending notice letters on May 29, 2008 and October 20, 2008, to the landlord and/or tenant about access problems, plaintiff returned to the subject PLAZA TEQUILA TAQUERIA, for the purposes of participating in the goods and services provided and to see whether this public accommodation had been made more accessible.   A quarter of a century has now passed since the Americans with Disabilities Act of 1990 ("ADA") took effect.

18.    On or about August 14, 2014 and April 29, 2015, plaintiff IRMA RAMIREZ and claimant Daren Heatherly (on August 14, 2014 only), encountered the following architectural barriers at the entrance to PLAZA TEQUILA TAQUERIA and as a legal result had the following adverse experiences: The front door had excessive door pressure. On August 14, 2014, a staff member held the door open for each to enter. However, on exiting Claimant Daren Heatherly could not open the door, he struggled and strained his upper extremities. Plaintiff IRMA RAMIREZ then struggled to open the door and while struggling she strained her left shoulder. On August 25, 2015, Plaintiff, IRMA RAMIREZ strained to open the door entering and exiting the restaurant.

///

///

///

///

19.     On or about August 14, 2014 and April 29, 2015, plaintiff IRMA RAMIREZ, and claimant Daren Heatherly on August 14, 2014 only each encountered the following architectural barriers the dining area at PLAZA TEQUILA TAQUERIA and as a legal result had the following adverse experiences: There was not 5% accessible seating. The tables had large pedistals resulting in Plaintiff IRMA RAMIREZ and Claimant Daren Heatherly to sit awkwardly sideways. Making it difficult to eat without spilling food on themselves and more difficult for the plaintiff IRMA RAMIREZ to help claimant Daren Heatherly eat. He spilled food on himself. This was awkward and embarrassing. On April 29, 2015, plaintiff IRMA RAMIREZ was there alone. She could not have her wheelchair under the table and had to awkwardly and strenuously lean and stretch over the edge of the table so as to not spill food on herself.

20.     On or about August 14, 2014 and April 29, 2015, plaintiff IRMA RAMIREZ, and claimant DAREN HEATHERLY (on August 14, 2014 only), each encountered the following architectural barriers at the restrooms of the PLAZA TEQUILA TAQUERIA and as a legal result had the following adverse experiences: The women's restroom had two stalls. Neither stall was accessible. Each stall was too small. The ambulatory stall had two side grab bars. This was the August 14, 2014 episode. On April 29, 2015 plaintiff IRMA RAMIREZ opened the door to the women's rest room and saw that no remedial work had been done. Plaintiff IRMA RAMIREZ therefore felt it was a futile gesture to try to use it. Claimant DAREN HEATHERLY went to the men's restroom and opened the door and rolled in. He saw that he could not use the men's restroom and left. Claimant DAREN HEATHERLY was compelled to empty his leg bag outside.

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21. Plaintiff IRMA RAMIREZ was extremely disappointed on August 14, 2014 that the then PLAZA TEQUILA TAQUERIA was not accessible, and then again on April 29, 2015 when she returned and found that the PLAZA TEQUILA TAQUERIA was still not accessible. Her dissappointment was largely due to the fact that on or about May 28, 2008 plaintiff IRMA RAMIREZ and claimant DAREN HEATHERLY had previously patronized what was the Amigos Grill and had access issues with it. Plaintiff IRMA RAMIREZ wrote on May 28, 2008 to the landlord and the tenant about access. She wrote:

> "My husband and I are wheelchair users. Because we use wheelchairs, it can be difficult to use restrooms that are not easy to use. We've been to Amigos Grill on a couple of occasions and have used the restrooms. The restrooms at Amigos Grill have the old-fashioned stalls for the disabled. They're too narrow, too short, too little and the grab bars are awkward because of this. So, the problem is your restrooms aren't really usable. We like the place and will probably come back before you can fix. I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Amigos Grill once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response? I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 (V/TTY) or (510) 285-5600 (V/TTY). Their website is

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

www.pacdbtac.org. You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301 or go to www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them. I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it."

22. On or about June/July 2008 plaintiff, IRMA RAMIREZ returned to the Amigos Grill and spoke with the manager. The manager told her he got the letter and that the restaurant would be made accessible.

23. On or about October 20, 2008 plaintiff, IRMA RAMIREZ wrote a follow up letter to the manager of the then Amigos Grill, she wrote:

"It's been a few months since I wrote you about the restrooms at Amigos Grill. It was my understanding that you were going to fix them up so that us wheelchair users would be able to use them. Are they accessible now? We would like to come back. Would you write me this week and let me know."

Plaintiff, IRMA RAMIREZ did not receive a response to her October 20, 2008 letter.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24.     On or about and during the months of October, November and December 2015, and thereafter, plaintiff IRMA RAMIREZ would have returned to PLAZA TEQUILA TAQUERIA but was deterred from returning for fear that once she returned, she would encounter all of the same architectural barriers as on the first visit, and  not even the easiest barriers would have been removed, such as the following: reducing the front door pressure to make it easier to enjoy the goods, services and opportunities afforded by this public accommodation.

25.     On or about October, November and December 2015, and thereafter, claimant Daren Heatherly would have returned to PLAZA TEQUILA TAQUERIA but was deterred from returning for the fear that once he returned, he would encounter all of the same architectural barriers as on the first visit and that not even the easiest barriers would have been removed such as the following: reducing the front door pressure, to make it easier to enjoy the goods, services and opportunities afforded by this public accommodation.

26.     Therefore, at said times and place, plaintiff IRMA RAMIREZ and claimant Daren Heatherly, each encountered the following architectural barriers as stated herein or lack thereof and/or "elements" and "facilities" which constituted architectural barriers and/or categorical architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.     lack of an accessible entrance due to excessive door pressure;

b.     lack of an accessible dining area; 5% compliance requirement;

c.     lack of a handicapped-accessible women's public restroom;

d.     lack of a handicapped-accessible men's public restroom;

e.     lack of signage, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons;

f.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff and for use by other persons with physical disabilities similarly situated.

///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27.     Therefore, as a legal result of encountering each of said elements, plaintiff, IRMA RAMIREZ, experienced one, all, or a combination of the following difficulties: stress, strain, difficulty, and discomfort in her upper extremities while attempting to and/or using said elements also causing anxiety, disappointment, and embarrassment.

28.     At all times as stated herein, plaintiff IRMA RAMIREZ and claimant Daren Heatherly each encountered architectural barriers as stated herein and/or had personal knowledge of said barriers and knew it would be a futile gesture to attempt to overcome it/them because of her disability.

29.     At all times stated herein, it was "readily achievable" for defendants to remove some and/or all of the architectural barriers complained of over a reasonable period of time from the date that defendants initially took possession to meet the affirmative duty to identify and remove architectural barriers where it is readily achievable to do so.  In that regard, defendants could have but did not avail themselves of the tax deduction and tax credits provided by  Internal Revenue Services ("IRS") codes 44 and 190, which apply to the costs of barrier removal.

30.     At all times and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded plaintiff IRMA RAMIREZ and claimant Daren Heatherly from full and equal opportunities afforded to non disabled persons to the goods and services of PLAZA TEQUILA TAQUERIA.

31.     Plaintiff IRMA RAMIREZ and claimant Daren Heatherly each were deterred from returning to PLAZA TEQUILA TAQUERIA while the architectural barriers complained of that she encountered, as stated herein are not ADAAG compliant.

///

///

///

///

///

///

32.    At said times and place, when plaintiff IRMA RAMIREZ and claimant Daren Heatherly each encountered the architectural barriers as stated herein, plaintiff IRMA RAMIREZ and claimant Daren Heatherly in seeing a barriers and/or attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment.   This arose from plaintiff and claimant's physical inability to effectively use her upper extremities to easily overcome the architectural barriers as stated herein.   This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non disabled persons and patrons, invitees and guests.

33.    Said architectural barriers as stated herein deprived and deterred plaintiff IRMA RAMIREZ and claimant Daren Heatherly the same full and equal access that a non wheelchair user/non disabled person would enjoy while engaging in the goods, service and opportunities offered at the subject PLAZA TEQUILA TAQUERIA.

34.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

35.    On or about May 28, 2008 and October 20, 2008, defendants were sent three letters by or on behalf of plaintiff IRMA RAMIREZ and claimant Daren Heatherly advising of their need to take immediate action to remove architectural barriers and requesting a written response upon receipt of their letter, promising to immediately remove the barriers and providing a date when that would be accomplished.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

///
///
///
///
///
///

36.     As a legal result of defendants APENA CORP, a California Corporation dba PLAZA TEQUILA TAQUERIA; DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust's, failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff  and other persons with disabilities, plaintiff suffered the damages as alleged herein.

37.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.  And, plaintiff IRMA RAMIREZ suffered bodily injury at times stated herein, including, but not limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.

38.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, claimant Daren Heatherly suffered violations of claimant's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.  And, claimant Daren Heatherly suffered bodily injury at the times stated herein, including, but not limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to transfer up, on, down, to, over, around and through architectural barriers.

///
///
///
///
///
///
///
///

39.     Further, plaintiff IRMA RAMIREZ and claimant Daren Heatherly each suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barriers as stated herein and being denied access, all to their damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

40.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff IRMA RAMIREZ and claimant Daren Heatherly's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff IRMA RAMIREZ and claimant Daren Heatherly harm as stated herein.

41.     Plaintiff IRMA RAMIREZ and claimant Daren Heatherly each were denied their rights to equal access to a public facility by defendants, APENA CORP, a California Corporation dba PLAZA TEQUILA TAQUERIA; DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust because defendants', APENA CORP, a California Corporation dba PLAZA TEQUILA TAQUERIA; DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust, maintained a restaurant without access for persons with physical disabilities to its facilities including but not limited to the entrance, dining area(s), signage, men's restrooms and women's restrooms, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

///

///

///

///

42.    Construction alterations, if any, carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

43.    Defendants may have intentionally undertaken to modify and alter existing building, and may have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.

44.    Defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

45.    Because of defendants' violations, plaintiff IRMA RAMIREZ and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as pled herein.  Plaintiff IRMA RAMIREZ seeks an order from this court compelling defendants to make the PLAZA TEQUILA TAQUERIA accessible to persons with disabilities.

46.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the PLAZA TEQUILA TAQUERIA to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the PLAZA TEQUILA TAQUERIA as a public facility.

47.    Plaintiff IRMA RAMIREZ believes that even with service of the summons and complaint on defendants and each of them, that defendants will not, under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

///
///
///
///
///
///
///

48.     Plaintiff IRMA RAMIREZ seeks damages for violation of her civil rights on August 14, 2014 and April 29, 2015 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff IRMA RAMIREZ and claimant Daren Heatherly from returning to the subject public accommodation because of her knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other plaza and restaurants and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

49.     At all times stated herein and for post complaint occasions, plaintiff IRMA RAMIREZ has an absolute unfettered civil right to return to the public accommodation complained of within thirty (30) day intervals until defendants remove all architectural barriers under their continuing obligation to identify and remove architectural barriers.

50.     Plaintiff IRMA RAMIREZ is informed and believes and therefore alleges that defendants APENA CORP, a California Corporation dba PLAZA TEQUILA TAQUERIA; DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust, and each of them, caused the subject building which constitute the PLAZA TEQUILA TAQUERIA to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied  full and equal access to, within and throughout said building of the PLAZA TEQUILA TAQUERIA and were denied full and equal use of said public facilities.  Furthermore, on information

and belief, defendants have continued to maintain and operate said PLAZA TEQUILA TAQUERIA and/or its building  in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of PLAZA TEQUILA TAQUERIA and/or its building is in violation of the civil rights of persons with physical disabilities, such as plaintiff IRMA RAMIREZ and claimant Daren Heatherly, and other members of the disability community.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

51.    Defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the PLAZA TEQUILA TAQUERIA and/or building was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, coming into contact with public accommodations with accessible elements and facilities since January 26, 1991, communications with invitees and guests, plaintiff IRMA RAMIREZ herself, possibly sponsors of conferences, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the PLAZA TEQUILA TAQUERIA accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff IRMA RAMIREZ and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the PLAZA TEQUILA TAQUERIA.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred

to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

52.    Plaintiff IRMA RAMIREZ, claimant Daren Heatherly and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

## I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

(On behalf of Plaintiff IRMA RAMIREZ, and Against Defendants DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust, inclusive) (42 U.S.C. §12101, *et seq.*)

53.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 52 of this complaint.

54.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

55.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

56.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> (B) a restaurant, bar or other establishment serving food or drink;
>
> 42 U.S.C. §12181(7)(B)

57.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///
///
///
///
///
///
///
///

58.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff IRMA RAMIREZ and claimant Daren Heatherly's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

59.    The removal of the barriers complained of by plaintiff IRMA RAMIREZ and claimant Daren Heatherly as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building of PLAZA TEQUILA TAQUERIA  pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

60.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

61.    On information and belief, construction work on, and modifications of, the subject building of  PLAZA TEQUILA TAQUERIA occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

62.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

///

63.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff IRMA RAMIREZ has not returned to defendants' premises since on or about August 14, 2014 and April 29, 2015, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

64.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

## II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.

(On Behalf of Plaintiff IRMA RAMIREZ, and Against Defendants DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust, inclusive)

(California Civil Code §§54, 54.1, 54.3, *et seq.)*

65.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 64 of this complaint.

///
///
///
///
///
///
///

66.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

67.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

68.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

69.     Plaintiff IRMA RAMIREZ is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to defendants' PLAZA TEQUILA TAQUERIA.  As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which she visited or has been deterred from visiting the PLAZA TEQUILA TAQUERIA because of her knowledge and belief that the restaurant is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

70.     On or about August 14, 2014 and April 29, 2015, **and deterrence occasion(s)** plaintiff IRMA RAMIREZ suffered violations of Civil Code §§54 and 54.1 in that plaintiff IRMA RAMIREZ and claimant Daren Heatherly each was denied access to entrance, dining areas, signage, men's restroom, women's restroom and other public facilities as stated herein at the PLAZA TEQUILA TAQUERIA and on the basis that plaintiff IRMA RAMIREZ and claimant Daren Heatherly each was a person with physical disabilities.

71.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*. And, plaintiff IRMA RAMIREZ suffered bodily injury at times stated herein, including, but not limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entrance, dining area(s), signage, men's restroom, women's restroom, plaintiff suffered continuous, repetitive and cumulative trauma to her upper extremities while attempting to overcome barriers.

72.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, claimant Daren Heatherly suffered violations of claimant's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.  And, claimant Daren Heatherly suffered bodily injury at times stated herein, including, but not limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entrance, dining area(s), signage, men's restroom, women's restroom, plaintiff, IRMA RAMIREZ and claimant, DAREN HEATHERLY suffered continuous, repetitive and cumulative trauma to their upper extremities while attempting to overcome barriers.

73.     Further, plaintiff IRMA RAMIREZ and claimant Daren Heatherly each suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barriers as stated herein and being denied access, all to their damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

74.     Plaintiff IRMA RAMIREZ has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about August 14, 2014 and April 29, 2015 and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

///

75.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

## III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*
(On Behalf of Plaintiff IRMA RAMIREZ, and Against Defendants  DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust, inclusive)(Health & Safety Code §19955, *et seq.*)

76.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 75 of this complaint.

77.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

78.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the PLAZA TEQUILA TAQUERIA and/or of the building was constructed and/or altered after July 1, 1970, and substantial portions of the PLAZA TEQUILA TAQUERIA and/or the building had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said PLAZA TEQUILA TAQUERIA and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

///
///
///

79.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the PLAZA TEQUILA TAQUERIA and/or the building occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

80.     Restaurants such as the PLAZA TEQUILA TAQUERIA  are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

81.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil rights and plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

82.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiff's own interests and in order to enforce an important right affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

83.     Plaintiff seeks injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

## IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)

(On Behalf of Plaintiff IRMA RAMIREZ, and Against Defendants DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust, inclusive)

(Civil Code §51, 51.5)

84.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 83 of this complaint.

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

85.   Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.   The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.   Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

86.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

87.     Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of her above cause of action for violation of the Americans with Disabilities Act at ¶52, *et seq*., as if repled herein.

///
///
///
///
///
///
///
///

88.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.  And, plaintiff IRMA RAMIREZ suffered bodily injury at times stated herein, including, but not limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entrance, IRMA RAMIREZ, plaintiff suffered continuous, repetitive and cumulative trauma to her upper extremities while attempting to open the front door while entering and exiting the restaurant.

89.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, claimant Daren Heatherly suffered violations of claimant's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.  And, claimant Daren Heatherly suffered bodily injury at times stated herein, including, but not limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing PLAZA TEQUILA TAQUERIA, claimant suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to overcome barriers..

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

90.     Further, plaintiff IRMA RAMIREZ and claimant Daren Heatherly each suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barriers as stated herein and being denied access, all to their damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

91.     Plaintiff IRMA RAMIREZ is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiff prays that this court award damages and provide relief as follows:

**I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff IRMA RAMIREZ, and Against Defendants DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust, inclusive) (42 U.S.C. §12101, *et seq.*)

1.     For injunctive relief, compelling defendants DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust inclusive, to make the PLAZA TEQUILA TAQUERIA, located at 19315 Highway 12, Sonoma, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered;

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   ///
    ///
    ///
2   ///
    ///
3   ///
    ///
4   ///
    ///
5   ///
    ///
6   ///

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
7   **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
    **AND 54.3, *ET SEQ.***
8   (On Behalf of Plaintiff IRMA RAMIREZ, and Against
    Defendants DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the
9   Giannis Family Trust, inclusive)
    (California Civil Code §§54, 54.1, 54.3, *et seq.*)

10        1.     For injunctive relief, compelling defendants APENA CORP, a California

11  Corporation dba PLAZA TEQUILA TAQUERIA; DEMETRIOS GIANNIS, Trustee and ROSE

12  GIANNIS, Trustee of the Giannis Family Trust, inclusive, to make the PLAZA TEQUILA

13  TAQUERIA, located at 19315 Highway 12, Sonoma, California, readily accessible to and usable

14  by individuals with disabilities, per state law.

15        2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

16  each occasion on which plaintiff was deterred from returning to the subject public

17  accommodation;

18        3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure

19  §1021.5, if plaintiffs are deemed the prevailing party;

20        4.     Treble damages pursuant to Civil Code §54.3;

21        5.     General damages according to proof;

22        6.     For all costs of suit;

23        7.     Prejudgment interest pursuant to Civil Code §3291; and

24        8.     Such other and further relief as the court may deem just and proper.

25  ///
    ///
26  ///
    ///
27  ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff IRMA RAMIREZ, and Against Defendants DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust, inclusive)
(Health & Safety code §19955, *et seq.*)

1.     For injunctive relief, compelling defendants APENA CORP, a California Corporation dba PLAZA TEQUILA TAQUERIA; DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust, inclusive, to make the PLAZA TEQUILA TAQUERIA, located at 19315 Highway 12, Sonoma, California, readily accessible to and usable by individuals with disabilities, per state law;

2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3.     For all costs of suit;

4.     For prejudgment interest pursuant to Civil Code §3291;

5.     Such other and further relief as the court may deem just and proper.

**IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff IRMA RAMIREZ, and Against
Defendants DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.     For injunctive relief, compelling defendants DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust, inclusively, to make the PLAZA TEQUILA TAQUERIA, located at 19315 Highway 12, Sonoma, California, readily accessible to and usable by individuals with disabilities, per state law;

2.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

3.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

4.     General damages according to proof;

5.     Treble damages pursuant to Civil Code §52(a);

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.     For all costs of suit;

7.     Prejudgment interest pursuant to Civil Code §3291; and

8.     Such other and further relief as the court may deem just and proper.

Dated: August 20, 2015          THOMAS E. FRANKOVICH,
                                *A PROFESSIONAL LAW CORPORATION*


                                By:_____/s/Thomas E. Frankovich
                                        Thomas E. Frankovich
                                Attorney for Plaintiff IRMA RAMIREZ


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: August 20, 2015          THOMAS E. FRANKOVICH,
                                *A PROFESSIONAL LAW CORPORATION*


                                By: _____/s/Thomas E. Frankovich
                                        Thomas E. Frankovich
                                Attorney for Plaintiff IRMA RAMIREZ

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES