THOMAS E. FRANKOVICH (S.B.N. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
1832-A Capitol Street
Vallejo, CA 94590
Telephone:   (415) 444-5800
Facsimile:   (415) 674-9900

Attorney for Plaintiff IRMA RAMIREZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ,<br><br>      Plaintiff,<br><br>v.<br><br>APENA CORP, a California Corporation dba PLAZA TEQUILA TAQUERIA; DEMETRIOS GIANNIS, Trustee and ROSE GIANNIS, Trustee of the Giannis Family Trust,<br><br>      Defendants. | CASE NO. 15-cv-03808-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date:**     February 18, 2016<br>**Time:**    9:30 a.m.<br>**Judge:**   Hon. Edward Chen<br>**Crtm:**    5, 17th Floor<br><br>**Complaint Filed: August 20, 2015** |

   Pursuant to Civil Local Rule 16-9 and the Court's Order, the parties to the above - captioned action jointly submit this Case Management Statement.

   **NOTE: Plaintiff's Position**:

   Please take notice that the case has been referred to mediation but has not been appointed a mediator yet. The Case Management Conference is currently set for February 18, 2016. Plaintiff believes it would be in the interests of efficiency and economy to continue the Case Management Conference to sometime in June of 2016 in order for the parties to

participate in a mediation and reduce fees and costs. As such, plaintiff respectfully requests that the Case Management Conferenence be continued to sometime after the mediation has been completed and/date that is convenient to the Court.

**Defendant APENA CORP's Position**:

Defendant APENA CORP. agrees that the current date for the CMC does not allow the parties time to participate in ADR and joins in plaintiff's request that the CMC be continued until at least June 2016.

**Defendant GIANNIS's Position:**

Agrees with Plaintiff.

1. **JURISDICTION, VENUE & SERVICE**

**Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; and California Building Code.

**Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 19315 Highway 12, in the City of Sonoma, County of Sonoma, State of California, and that plaintiff's causes of action arose in this county.

**Status of Service of Process:**

All parties to the action have been served.

//
//
//
//
//

## 2. BRIEF DESCRIPTION OF CASE/FACTS

**Plaintiff's Position:**

This is an action brought by Plaintiff IRMA RAMIREZ and claimant Daren Heatherly for discrimination based upon the defendants alleged failure to comply with the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12101, *et seq.*, the Unruh Civil Rights Act, Cal. Civ. Code §§51 and 51.5, California Health & Safety Code §19955, *et seq.*, and the California Disabled Persons Act, Cal. Civ. Code §§54, 54.1 and 54.3, all of which relate to the denial of access to a place of public accommodation.  Plaintiff IRMA RAMIREZ and claimant Daren Heatherly each is a person with physical disabilities who, on or about August 14, 2014 and April 29, 2015 and ("**deterred thereafter**"), was an invitee, guest, patron, customer at defendants' PLAZA TEQUILA TAQUERIA, in the City of Sonoma, California.  At said times and place, defendants failed to provide proper legal access to the plaza, which is a "public accommodation" and/or a "public facility" including, but not limited to entrance, dining areas, signage, men's restroom, women's restroom.  The denial of access was in violation of both federal and California legal requirements, and plaintiff IRMA RAMIREZ and claimant Daren Heatherly each suffered violation of their civil rights to full and equal access, and was embarrassed and humiliated.

**Defendant APENA CORP'S Position:**

Luis Acosta and Alejandro Cruz took over operation of an existing restaurant in Sonoma, Sonoma County, California by way of an assignment of lease on September 11, 2012. Defendant APENA CORP is not connected with this lease. In April 2008 the plaintiff appears to have written to both the tenant at an earlier business known as Amigos Grill and the owner of the restaurant building, presumably Mr. and Mrs. GIANNIS, and the recipients of this letter did not bring the building up to ADA standards. When Acosta and Cruz took possession of the building it was a very attractive restaurant. They had no idea that the building had ADA deficiencies or that their new landlord had gone for 4 ½ years without responding to plaintiff's demand for compliance. The landlord crafted an assignment of lease document purporting to transfer responsibility for ADA compliance to the tenant, but did not share with the new tenant the

landlord's knowledge that the building was not compliant and that a disabled person had sent a written notification to the landlord that she could not use their public facilities and that she wanted the owners and operators of the building bring it into compliance; *i.e.,* that if the building were not brought into compliance, a lawsuit was looming on the horizon.

When Acosta learned of the lawsuit and of his obligation to comply with the Americans with Disabilities Act, he engaged a knowledgeable architect to assess the building and recommend improvements. As of the preparation of this Case Management Statement, construction of compliant restrooms, implementation of proper signage, and modification of tables and interior accommodations is nearly complete.

**Defendant GIANNIS's Position**

Defendants have corrected an violation of Applicable ADA laws and/or regulations. What's left is the alleged personal injury claim of Plaintffs.  Plaintiffs have made similar claims for personal injury against other businesses.

**3.      PRINCIPAL LEGAL ISSUES IN DISPUTE**

**Plaintiff's Position:**

   a.   whether architectural barriers existed and/or continue to exist at Plaza Tequila Taqueria which denied access to each plaintiff

   b.   whether the removal of architectural barriers was/is readily achievable;

   c.   whether each plaintiff encountered architectural barriers; and

   d.   whether as a legal result of encountering architectural barriers each plaintiff was discriminated against and suffered injury.

**Defendant APENA CORP's  Position:**

   a.   Inasmuch as Acosta commenced repairs before he was ever served (APENA is not a proper party defendant) , whether a cause of action against the tenant of the restaurant lies;

   b.   Whether any language of the lease purporting to separate the landlord from its obligations under the ADA is effective against the tenant since the cause of action accrued over four years before the tenant took possession under the lease; and

     c. Whether the failure of the landlord to notify the tenant that the landlord was on written notice of the building and business's non-compliance operates as an estoppel against the landlord for making any indemnity claim against the tenant, though this issue is not set out in the pleadings at this point.

**Defendant GIANNIS's Position:**

     a-c.    Contractor has effect changes correcting any such issues.

     d.    Agree. This is the extent of any such injury at issue.

**4.  MOTIONS**

**Plaintiff's Position:**

Plaintiff does not anticipate filing any motions at this time.

**Defendant(s) Position:**

Defendants do not anticipate filing any motion at this time.

**5.  AMENDMENT OF PLEADINGS**

**Plaintiff's Position:**

Plaintiff does not anticipate any further amendments to the pleadings at this time.

**Defendant(s) Position**

Defendants do not anticipate any further amendments to the pleadings at this time.

**6.  EVIDENCE PRESERVATION**

**Plaintiff's Position:**

No issues anticipated.

**Defendant(s) Position:**

**No issues anticipated anticipated for defendants**

**7.  DISCLOSURES**

**Plaintiff's Position:**

The parties have exchanged their Rule 26 Initial Disclosures.

//

**Defendant(s) Position:**

Agreed.

8.  **DISCOVERY**

    **Plaintiff's Position:**

    The parties conducted the General Order 56 Joint Site Inspection on December 10, 2015.

    **Defendant APENA CORP's Position:**

    Not known until after mediation.

    **Defendant GIANNIS's Position:**

    Depositions of Plaintiffs if current efforts to resolve fail. In addition, subpoena medical records and possible IME for each Plaintiff. Possible treating MD depositions.

9.  **CLASS ACTION**

    Not Applicable.

10. **RELATED CASES**

    **Plaintiff's Position:**

    Not Applicable.

    **Defendant(s) Position:**

    Not Applicable.

11. **RELIEF**

    **Plaintiffs' Position:**

    Plaintiff seeks injunctive relief to compel defendant to make their public accommodation accessible pursuant to ADAAG or the California Building Code, whichever is more restrictive, and to further maintain access in the future. Plaintiff also seeks actual damages and attorney's fees, costs, and litigation expenses.

//
//
//

**Defendant APENA CORP's Position:**

At the site inspection Luis Acosta understands that an agreement has been made with regard to bringing the building and business into ADA compliance. As to the monetary relief demanded, it is this answering defendant's position that because of the violations that predated the Acosta occupancy this is a matter between plaintiff and defendants GIANNIS.

**Defendant GIANNIS's Position:**

This defendant has a contractual claim for defense indemnity against Apnea Corp. dba Plaza Tequila Taqueria.

## 12. SETTLEMENT/ADR

**Plaintiff's Position:**

A formal demand was made on January 29, 2016. Case has been referred to mediation.

**Defendant APENA CORP's Position:**

Defendants will participate in mediation.

**Defendant GIANNIS's Position:**

This defendant has been informed that corrections have been made. This defendant believes Plaintiff's settlement demand is excessive.

## 13. MAGISTRATE JUDGE TRIALS

**Plaintiff's Position:**

Plaintiff consents to proceed before a Magistrate Judge for trial purposes except for Judge Ryu.

**Defendant(s) Position:**

Defendant does not consent to a Magistrate Judge.

## 14. OTHER REFERENCES

**Plaintiff's Position:**

Not applicable.

**Defendant(s) Position:**

Not applicable.

15. **NARROWING OF ISSUES**

**Plaintiff's Position:**

None at this time.

**Defendant APENA CORP's Position:**

None at this time.

**Defendant GIANNIS's Position:**

Plaintiff to formally stipulate that premises in question are now in compliance.**16.**

**EXPEDITED SCHEDULE**

**Plaintiffs' Position:**

Not applicable.

**Defendant(s) Position:**

Not applicable.

17. **SCHEDULING**:

**Plaintiff's Proposed Schedule**:

| | |
|---|---|
| Disclosure of Expert Witness: | September 11, 2016 |
| Discovery Cut-off: | October 2, 2016 |
| Last Day to Hear Motions: | November 6, 2016 |
| Final Pretrial Conference: | January 23, 2017 |
| Trial Date: | February 7, 2017 |

**Defendant(s) Proposed Schedule:**

Defendants are acceptable.

//

//

//

18. **TRIAL**

   **Plaintiff's anticipated length of trial:** 1-2 days

   **Type of trial:**  _X_  jury      ___  - court

   Defendants' anticipated length of trial: 3-4 days

   **Type of trial:**  _X_  jury      ___  - court

19. **NON-PARTY INTERESTED PERSONS**

   **Plaintiff's Position:**

   Plaintiff is unaware of any non-party interested persons or entities at this time.

   **Defendant APENA CORP's Position:**

   Same as plaintiff .

   **Defendant GIANNIS's Position:**

   Not applicable.

20. **OTHER MATTERS**

   **Plaintiffs' Position:**

   The parties are unaware of any additional matters that will facilitate the just, speedy and inexpensive disposition of this matter at this time.

Dated: February 11, 2016                THOMAS E. FRANKOVICH, ESQ.
                                        A PROFESSIONAL LAW CORPORATION


                                        By:   /s/ Thomas E. Frankovich
                                        Thomas E. Frankovich
                                        Attorney for Plaintiff

Dated: February 11, 2016                ATTORNEY AT LAW


                                        By:   /s/ Marvin Pederson
                                        Marvin Pederson
                                        Attorney for Defendant Apena Corp.

//

{01413976.DOC;1}        JOINT CASE MANAGEMENT STATEMENT

Dated: February 11, 2016                DICKENSON, PEATMAN & FOGARTY, P.C.

                                        By:   /s/ John F. Van De Poel
                                        John F. Van De Poel
                                        Attorney for Defendants Demetrios Giannis and
                                        Rose Giannis

IT IS SO ORDERED. The CMC is reset from 2/18/16 to 6/16/16 at 9:30 a.m.  An updated joint CMC statement shall be filed by 6/9/16.

_____
Edward M. Chen
U.S. District Judge



IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

{01413976.DOC;1}    **JOINT CASE MANAGEMENT STATEMENT**

10